IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TATYANA POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 321-066 |
| | ) | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff appeals the decision of the Acting Commissioner of Social Security ("the Commissioner") denying her application for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

**I.    BACKGROUND**

Plaintiff was found to be disabled as a child due to attention deficit hyperactivity disorder ("ADHD"), attention deficit disorder, and mood disorder with a disability onset date of February 18, 2004. Tr. ("R."), pp. 10, 74. Plaintiff was then awarded SSI benefits beginning around 2007. See R. 103. However, the Social Security Act stipulates individuals who receive SSI benefits as children must have their disability redetermined under the rules for adults when they reach 18. See

20 C.F.R. § 416.987; R. 10, 92.  Plaintiff's eligibility for SSI was therefore redetermined under the rules for determining disability in adults when Plaintiff turned 18 years old on August 30, 2017.  R. 10, 12, 92, 241.

Plaintiff was four years old at the alleged disability onset date and was twenty-one years old at the time the Administrative Law Judge ("ALJ") issued the decision currently under consideration.  R. 18, 241.  Plaintiff alleged disability based on ADHD, attention deficit disorder, bipolar disorder, and mood disorder.  R. 244.  Plaintiff completed eleventh grade and is working on her General Equivalency Diploma ("GED").  R. 28-29, 244.  Plaintiff previously worked part time at McDonalds and Academy Sports, but none of the limited work qualified as past relevant work or substantial gainful activity under the social security regulations.  R. 13, 17, 32-35.

On March 29, 2018, after reviewing Plaintiff's case, the Social Security Administration determined Plaintiff no longer qualified for SSI under the rules for adults.  R. 92-95.  Plaintiff requested reconsideration, and the decision was upheld on April 26, 2019.[1]  R. 10, 147-49.  Plaintiff requested a hearing before an ALJ, (R. 130-32), and the ALJ held a telephone hearing on February 18, 2021.  R. 24, 26.  Represented by counsel, Plaintiff appeared and testified, as did a vocational expert ("VE").  R. 24-66.  On March 18, 2021, the ALJ issued an unfavorable decision.

Applying the sequential process required by 20 C.F.R. § 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since February 18, 2004, the alleged onset date (20 CFR 404.1571 *et seq*.).

2. Since March 29, 2018, the claimant has had the following severe impairments: major depressive disorder; borderline intellectual functioning, oppositional defiant disorder, and ADHD (20 CFR 416.920(c) and 404.1520(c)).

---

[1]On April 26th, the Social Security Administration also denied Plaintiff's application for child's disability insurance benefits with the same February 18, 2004 onset date.  R. 10.

3. Since March 29, 2018, the claimant did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925, 416.926, 404.1520(d), 404.1525, and 404.1526).

4. Since March 29, 2018, the claimant has had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with the following nonexertional limitations: the claimant is limited to simple, routine work in work involving simple, work related decisions with few, if any, workplace changes. There can be occasional interaction with coworkers, supervisors, and the public. The claimant has no past relevant work ("PRW") (20 CFR 416.965 and 404.1565).

5. Since March 29, 2018, considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969, 416.969(a), 404.1569, and 404.1569a). The claimant's disability ended on March 29, 2018, and the claimant has not become disabled again since that date (20 CFR 416.987(e) and 416.920(g)). For the purpose of the child's insurance benefit claimant, the claimant has not been under a disability, as defined in the Social Security Act, from February 18, 2004, through the date of this decision (20 CFR 404.350(a)(5) and 404.1520(g)).

R. 10-18.

When the Appeals Council denied Plaintiff's request for review on September 22, 2021, (R. 2-5), the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues the ALJ erred by formulating an RFC that does not adequately account for her mental limitations. See doc. no. 12 ("Pl.'s Br."). The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed. See doc. no. 13 ("Comm'r's Br.").

II.   **STANDARD OF REVIEW**

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether

the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct

legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

Plaintiff argues the record supports a more limited finding than the RFC reflected. Pl.'s Br. at 9-10. The ALJ found Plaintiff had the RFC to perform a full range of work at all exertional levels but imposed several non-exertional limitations to account for Plaintiff's severe mental impairments: Plaintiff is limited to simple, routine work and only occasional interaction with coworkers, supervisors, and the public. Plaintiff believes this RFC is not supported by substantial evidence, focusing her argument on two issues. First, the RFC is unsupported by the psychiatric review technique analysis, and second, the RFC is inconsistent with two medical opinions the ALJ found persuasive. Pl.'s Br., pp. 9-10. The Court finds the RFC is supported by substantial evidence, so the ALJ's decision should be affirmed.

#### A. Psychiatric Review Technique Analysis

Plaintiff argues the record supports a more limited finding than reflected by the RFC and the ALJ's psychiatric review technique analysis ("PRT"), and the ALJ "failed to expand on the limitations he found in the [PRT]" and "failed to include them in the [RFC]." Pl.'s Br., p. 9. The Court will address whether the ALJ erred in formulating the RFC in the next section. Plaintiff's PRT argument revolves around the sufficiency of the ALJ's analysis when he determined Plaintiff's severe mental impairments did not meet a listing at step three. As stated by the ALJ, the PRT analysis is not an RFC assessment, but the RFC assessment "reflects the degree of limitation" found in the PRT and paragraph B analysis. See R. 14.

5

To determine whether Plaintiff has severe mental impairments that meet a listing during steps two and three, the regulations direct the ALJ to utilize a "special technique" (i.e., PRT) where the ALJ determines what degree of limitation Plaintiff's impairments cause in four broad functional areas known as the paragraph B criteria. 20 C.F.R. § 404.1520a(c)(3–4); Moore v. Barnhart, 405 F.3d 1208, 1213 (11th Cir. 2005) (*per curiam*); Boris v. Comm'r of Soc. Sec., No. 5:15-CV-434-OC-PRL, 2016 WL 4651377, at *5 (M.D. Fla. Sept. 7, 2016). The ALJ uses these criteria to both determine whether a mental impairment is severe, and whether a severe impairment meets a listing. These areas are (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting or maintaining pace; and (4) adapting or managing oneself. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00E. The ALJ rates a claimant's functional limitations in each of these criteria using a five-point scale from no limitation to extreme limitation. Relevant here, a claimant has a moderate limitation if "functioning in th[e] area independently, appropriately, effectively, and on a sustained basis is fair." Id. § 12.00F(2)(c). A claimant has a marked limitation if "functioning in th[e] area independently, effectively, and on a sustained basis is seriously limited." Id. § 12.00F(2)(d). To meet the listing, Plaintiff must have at least one extreme limitation or two marked limitations. See Id. §§ 12.04, 12.06, 12.08, & 12.11.

Using PRT analysis, the ALJ found Plaintiff's severe impairments resulted in moderate limitations in all four paragraph B criteria.[2] See R. 13; see also R. 61, 623-638 (PRT assessment

---

[2] The ALJ further found Plaintiff's impairments do not meet the Paragraph C criteria from the relevant listings. R. 14. Paragraph C requires (1) a serious and persistent mental disorder, with a documented history of at least two years; (2) ongoing treatment that diminishes the signs and symptoms of the mental disorder; and (3) minimal capacity to adapt to changes in the claimant's environment or to demands not already part of daily life. See, e.g., 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 12.04.C. Plaintiff does not challenge or mention this finding.

by state psychological consultant Dr. Jacqueline Bean finding moderate limitation in all four paragraph B criteria). Therefore, Plaintiff's severe impairments do meet any listing.

The ALJ supported his findings with a March 2018 examination by Dr. John Whitley showing Plaintiff could understand basic questions and follow simple instructions. R. 13, 608-615. However, Plaintiff could not complete complex tasks requiring literacy or the ability to process large amounts of information. R. 13. Plaintiff's judgment, problem solving skills, and ability to appropriately interact with others at work would be moderately impaired, and Plaintiff would require support managing finances and appointments. R. 13. The ALJ's PRT findings are supported by substantial evidence. While brief, the ALJ's analysis is sufficient to support his conclusion that Plaintiff's severe impairments did produce limitations, and those limitations were moderate. The record supports a finding that, at minimum, Plaintiff is not "seriously limited" in her ability to function independently, appropriately, or effectively, and on a sustained basis, as a finding of a marked limitation (the next level of limitation) would require.

Plaintiff does not point to any legal error or specific issue with the ALJ's analysis that would show otherwise. Pl.'s Br., p. 9; Gaddison v. Saul, No. 4:18-CV-0811-JEO, 2020 WL 374621, at *4 (N.D. Ala. Jan. 23, 2020) (affirming while noting Plaintiff "does not even point to which area of functioning in paragraph B she challenges.") Plaintiff only points to evidence from the record showing Plaintiff's functional limitations. Pl.'s Br., p. 9. The evidence is not contradictory to what the ALJ cites. In fact, Plaintiff points to the same evidence from Dr. Whitely that led the ALJ to find moderate limitations in all four paragraph B criteria. Id. Plaintiff simply believes the evidence necessitates a different result. However, that a different result is possible, does not mean the Commissioner's decision must be reversed. The Court's role is not to reweigh the evidence. See Moore, 405 F.3d at 1211. The ALJ's PRT analysis is supported by substantial

7

evidence. See Lewen v. Comm'r of Soc. Sec., 605 F. App'x 967, 968 (11th Cir. 2015) ("'there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [her] decision,' so long as the decision enables the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole.") (quoting Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005)).

  B. **Formulating Plaintiff's RFC**

    1. **Step Four Framework for Formulating Plaintiff's RFC**

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) & 416.920(a)(4)(iv). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012) (*per curiam*). Limitations are divided into three categories: (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (*per curiam*) (citing 20 C.F.R. § 404.1569a(b)-(d)). When determining whether a

claimant can return to her past relevant work, the ALJ must consider "all the relevant medical and other evidence." Phillips, 357 F.3d at 1238.

### 2. Plaintiff's RFC is Supported by Substantial Evidence

Plaintiff's second argument arises from the ALJ's use of medical opinions in formulating the RFC. The first opinion at question is the aforementioned March 2018 examination by Dr. Whitley. See R. 608-615. The ALJ found Dr. Whitley's opinion partially persuasive and his functional assessment consistent with treatment records. R. 16. The second opinion is the October 2018 opinion of disability determination services psychological consultant Dr. Spurgeon Cole showing Plaintiff can only follow simple instructions, has difficulty maintaining focus, and cannot work with the public or in close coordination with others. See R. 639-43. The ALJ found Dr. Cole's opinion persuasive and supported by Dr. Whitley's report. R. 17. Plaintiff argues "[t]he limitation to 'simple routine work' and 'occasional interaction' with others does not account for Claimant's [impairments]," and "the failure of the ALJ to explain why he found these opinions of the examiners consistent but failed to take into account that Plaintiff is incapable of working with the public, performing literacy tasks, and required full support in managing appointments and financial matters" is error. Pl's Br., pp. 9-10.

To start, finding a medical opinion persuasive does not require the ALJ to fully incorporate that opinion into the RFC. The RFC "is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive." Beegle v. Soc. Sec. Admin., Com'r, 482 F. App'x 483, 486 (11th Cir. 2012); Nichols v. Kijakazi, No. 3:20-CV-00224-SRW, 2021 WL 4476658, at *8 (M.D. Ala. Sept. 29, 2021) ("The ALJ was under no obligation to adopt verbatim all of [the doctor's] limitations into the RFC.") Indeed, per the regulations, the ALJ cannot defer or give any specific evidentiary weight to any medical opinion. 20 C.F.R.

9

§ 416.920c(a). Instead, the ALJ is to examine the persuasiveness of medical opinions and formulate an RFC that is supported by substantial evidence. Plaintiff does not point to any error in how the ALJ addressed Dr. Cole and Dr. Whitley's opinions. The error described is only in the ALJ's subsequent RFC determination which was not as restrictive as Plaintiff believes Dr. Cole and Dr. Whitley's opinions require.

The Court finds the RFC is supported by substantial evidence. The ALJ examined medical opinion evidence from Dr. Whitley, Dr. Bean, and Dr. Cole showing Plaintiff could carry out simple, unskilled, and repetitive instructions. R. 15-17, 81, 84-85, 614, 637, 641. That evidence also showed Plaintiff had poor concentration skills and was unable to adapt well, precluding her from complex or changing tasks. R. 15-16, 81, 84-85, 614, 637, 641. Because of her inability to focus and her oppositional nature, she is best suited for jobs that require little or no interaction with co-workers or the public. R. 15-16, 81-85, 614, 641. Plaintiff has also responded positively to medication (though there have been gaps in her treatment) and has work history where she was able to perform unskilled, low stress work, at least temporarily. R. 15, 32-35, 658, 660. As Plaintiff notes, evidence also showed Plaintiff had difficulty performing complex tasks requiring literacy and needed full support in managing appointments and finances. R. 15-16, 613-14, 637. Plaintiff also had an IQ of 57, falling within the "extremely low" range. R. 612.

This evidence provides substantial support for the RFC. The ALJ did not find Plaintiff could perform all ranges of work with *no* limitations. The ALJ instead included several non-exertional limitations in the RFC that specifically relate to functional limitation evidence before the ALJ. The RFC limits Plaintiff to simple, routine work involving simple decisions, few changes, and occasional interaction with coworkers, supervisors, and the public. There is substantial evidence supporting each of those limitations. Plaintiff still maintains the RFC does not

include some limitations discussed by Dr. Whitely and Dr. Cole such as a bar on working with the public and limitations on literacy tasks and managing appointments and financial matters. However, as explained, the ALJ does not have to wholly accept a medical opinion "and incorporate into his RFC assessment any and all limitations that source suggests" merely because the ALJ finds that opinion persuasive. K.T.B. v. Comm'r of Soc. Sec., No. 3:20-CV-110-MSH, 2021 WL 5906372, at *2 (M.D. Ga. Dec. 14, 2021). In any event, the RFC appears to account for those limitations: Plaintiff's interaction with the public is limited under the RFC, and Plaintiff is not to perform complex tasks, which would preclude many tasks requiring literacy, finances, or appointment management.

All in all, the RFC is largely consistent with the record evidence, including evidence from Dr. Whitely and Dr. Cole. While one could credit the evidence differently to justify adding further limitations in the RFC, that is not the province of the Court. The Court's job is not to review the administrative record *de novo*, but rather is to review the record for substantial evidence to support the Commissioner's factual findings, and if so found, uphold the Commissioner even if the evidence preponderates in favor of the claimant. See Crawford, 363 F.3d at 1158-59; Moore, 405 F.3d at 1211. The RFC here is supported by substantial evidence.

Last, the parties discuss Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1046 (11th Cir. 2020) and Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1259 (11th Cir. 2019) in briefing, and Plaintiff writes, "Just like in Samuels, the failure of the ALJ to explain why he found these opinions of the examiners consistent but failed to take into account [further limitations] . . . is error . . ." Pl.'s Br., p. 10. These cases provide little guidance to the Court. First, Samuels and Schink both relied on the treating source rule which does not apply to claims filed after March 27, 2017, such as Plaintiff's. See Harner v. Saul, No. 4:19-CV-01808-MHH, 2021 WL 1208866, at

11

*18 (N.D. Ala. Mar. 31, 2021), *aff'd sub nom.* Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892 (11th Cir. 2022) (declining to rely on Schink because "the treating physician presumption no longer applies."). These two cases are not helpful in evaluating how the ALJ treated Dr. Whitley and Dr. Cole's opinions when formulating the RFC. Second, both dealt with an ALJ's absolute failure to account for mental impairments when determining claimant's limitations. See Samuels, 959 F.3d, at 1047 ("In posing the hypothetical, the ALJ nowhere indicated that medical evidence suggested [claimant's] ability to work was affected by that [severe mental] impairment"); Schink, 935 F.3d at 1269 ("the decision contains no real discussion of how the mental condition affected [claimant's] RFC"). Here, the limitations in the RFC exclusively accounted for mental impairments. These cases do not impact the Court's finding that the ALJ's findings are supported by substantial evidence and should be affirmed.

### IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 9th day of August, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA